# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL STEVE COX,

    Petitioner,

vs.

COX, *et al.,*

    Respondents.

3:12-cv-00678-LRH-VPC

**ORDER**

    Petitioner, a Nevada state prisoner, has filed an application to proceed *in forma pauperis* (ECF #1), and a form petition for a writ of habeas corpus by a person attacking a state detainer (ECF #1-1).

    Petitioner appears to attempt to challenge a Nevada state district court order designating him a vexatious litigant in that matter unless he complies with a certain district court order. He appears to complain that 2900 days of good-time credits have been forfeited.[1] Clearly, he is not attacking a state detainer. A petition for a writ of habeas corpus must be on the correct court-approved form and must be accompanied by either the full filing fee or a fully completed application to proceed *in forma pauperis*. LSR 2-1("[a] civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this court.").

    The court further notes that it may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

---

[1] The court notes that petitioner also states in this petition that he is serving a sentence of life without the possibility of parole.

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in custody on the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. *Preiser v Rodriguez*, 411 U.S. 475, 484 (1973). "[H]abeas corpus is not an appropriate or available federal remedy" when a petitioner is not "challeng[ing] the very fact or duration of confinement itself" or unconstitutional restraints that render the petitioner's otherwise lawful custody, unlawful. *Id*. at 494, 499.

As petitioner is not challenging a state detainer, this petition is dismissed without prejudice. If petitioner seeks to pursue a writ of habeas corpus, he shall file a new petition, on the correct form, in a new case with a new case number. He shall either include the full filing fee or file an application to proceed *in forma pauperis*, with all the required financial information.

It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a promptly filed new action.[2]

**IT IS THEREFORE ORDERED** that this petitioner's application to proceed *in forma pauperis* (ECF #1) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall **DETACH** and **FILE** the petition for a writ of habeas corpus by a person attacking a state detainer (ECF #1-1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to the filing of a new petition in a new action with a properly completed application form to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason would not find the court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner two copies each of an application form to proceed in forma pauperis for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he

---

[2] Petitioner appears to refer to a state case in which, according to its online docket, the Nevada Supreme Court dismissed his appeal on September 14, 2012 (Case No. 61444, remittitur issued October 11, 2012).

1  submitted in this action.

2        IT IS FURTHER ORDERED that the Clerk shall **ENTER JUDGMENT** accordingly and
3  close this case.

5  DATED this 23rd day of January, 2013.

7        _____
      LARRY R. HICKS
      UNITED STATES DISTRICT JUDGE